694 So.2d 886 (1997)
James R. MORAN, Appellant,
v.
CITY OF LAKELAND, Appellee.
No. 96-02166.
District Court of Appeal of Florida, Second District.
June 13, 1997.
Rehearing Denied May 16, 1997.
Robert H. Grizzard, Lakeland, for Appellant.
Mark N. Miller of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellee.
WHATLEY, Judge.
James Moran appeals that part of the order awarding the City of Lakeland attorney's fees pursuant to Florida Rule of Civil Procedure 1.442. We reverse.
Moran filed an action against the City of Lakeland alleging deprivation of his civil rights under section 1983 of the Civil Rights Act. 42 U.S.C. § 1983. The City filed an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442, but Moran declined. The City then filed a motion for summary judgment, which was granted. As a result, the City sought its attorney's fees and costs from the date of the offer through the date summary judgment was entered. The trial court granted the City's motion to tax fees and costs and entered an order accordingly. Moran only challenges that part of the order awarding attorney's fees.
We agree with Moran that the trial court erred in awarding the City attorney's fees. Under the Supremacy Clause of the United States Constitution, a federal law preempts a state law where the two conflict. Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962).
An offer of judgment filed pursuant to rule 1.442 is governed by section 768.79 as the rule merely incorporates the procedural portion of this statute as a rule of court. Section 768.79(1) provides in pertinent part that a defendant whose offer of judgment is rejected by the plaintiff and who obtains a judgment of no liability may recover reasonable costs and attorney's fees from the plaintiff.
The Civil Rights Attorney's Fees Awards Act of 1976 authorizes the award of a reasonable fee to the prevailing party in a civil rights action brought pursuant to section 1983. 42 U.S.C. § 1988. "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, *887 429, n. 2, 103 S.Ct. 1933, 1937, n. 2, 76 L.Ed.2d 40 (1983).
Thus, because section 1988 allows the award of attorney's fees to prevailing defendants in a much more limited context than does section 768.79(1), section 1988 preempts section 768.79(1). See Garan Inc. v. M/V Aivik, 907 F.Supp. 397 (S.D.Fla.1995) (section 769.78 offer of judgment is not applicable in a federal admiralty case because it is a substantive rule in direct conflict with federal maritime law expressly requiring each party to pay their own fees); Petsche v. Prudential Ins. Co. of America, 607 So.2d 514 (Fla. 2d DCA 1992) (state statute mandating assessment of attorney's fees against insurers of ERISA plan is preempted by ERISA, which provides for discretionary award of said fees); Brooks v. Elliott, 593 So.2d 1209 (Fla. 5th DCA 1992) (error to dismiss section 1983 complaint for failure to comply with notice requirement of section 768.28 because federal law preempts imposition of such a requirement).
The City specifically stated at the hearing on its motion for attorney's fees and costs that the motion was filed pursuant to rule 1.442. In light of the preemption of that rule by section 1988 under the circumstances of this case, the trial court erred in granting the City's motion with regard to attorney's fees.
Accordingly, we reverse the order awarding the City attorney's fees.
PARKER, A.C.J., and LAZZARA, J., concur.