753 So.2d 632 (2000)
Kenneth M. CLAYTON and Neal McCulloh, etc., Appellants,
v.
Kevin E. BRYAN and Renee M. Bryan, Appellees.
No. 5D99-253.
District Court of Appeal of Florida, Fifth District.
February 25, 2000.
Rehearing Denied April 5, 2000.
*633 Kenneth M. Clayton and James E. Olsen of Clayton & McCulloh, Maitland, for Appellants.
Kenneth L. Mann, P.A., Orlando, for Appellees.
PETERSON, J.
Kenneth M. Clayton and Neal McCulloh and their law firm, Clayton & McCulloh (collectively "C & M"), appeal a supplemental final judgment denying fees and costs to them as prevailing defendants after they made an offer of judgment in a case involving the Federal Fair Debt Collection Protection Act ("FDCPA"), 15 U.S.C. § 1692. Specifically, this case raises the issue of whether Florida's offer of judgment statute is preempted by FDCPA. In that we agree with the trial court that it is preempted, we do not consider whether the trial court further reasonably concluded that the offer of judgment made by the prevailing defendants was not made in good faith.
Kevin E. Bryan and Renee M. Bryan ("the Bryans"), alleged in their action against C & M that the latter violated the FDCPA. The trial court dismissed the action and this court affirmed that dismissal based on the conclusion that the FDCPA does not apply to condominium maintenance assessments. Bryan v. Clayton, 698 So.2d 1236 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1123 (Fla.1998), cert. denied, 524 U.S. 933, 118 S.Ct. 2334, 141 L.Ed.2d 706 (1998). C & M thereafter sought an award of its fees in the trial court. Resisting C & M's quest for attorney's fees, the Bryans asserted both that C & M's offer of judgment had not been made in good faith and that Florida's offer of judgment statute is pre-empted by FDCPA's provisions that fees are to be awarded to a prevailing defendant only when the court expressly finds that the plaintiff's case was "brought in bad faith and for the purpose of harassment...." 15 U.S.C. § 1692.k(a)(3).
The Bryans find support for their preemption argument in Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997) and Colorado v. Golden Concrete Co., 962 P.2d 919 (Colo.1998), which explicitly followed Moran.
*634 Moran involved a section 1983 federal civil rights action against the City of Lakeland. The city successfully defended the claim but was not successful in obtaining attorney's fees sought pursuant to an offer of judgment. The city appealed and the second district found that Florida's offer of judgment statute, section 768.79, was preempted by the federal statute which allowed an award of fees only when the suit was vexatious or brought to harass or embarrass the defendant. 42 U.S.C. § 1988. We conclude that the federal statute involved in the instant case similarly preempts an award of fees under the offer of judgment statute.
C & M attempts to distinguish the Moran case from the instant case by arguing that here, the plaintiffs brought both a federal claim under the FDCPA as well as a state law cause of action under the Florida Consumer Collection Practices Act ("Florida Act"). C & M asserts, assuming arguendo that preemption of the offer of judgment with respect to the federal claim applies, that preemption should not also apply to the fees incurred in defense of the state law cause of action. However, the state law cause of action exists only because it is at least as broad, in its protection to the consumer, as the federal act. Section 559.552, Florida Statutes (1997), one of the sections comprising the Florida Consumer Collection Practices Act, provides:
Relationship of State and Federal Law.Nothing in this part shall be construed to limit or restrict the continued applicability of the Federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency of any provision of this part and any provision of the federal act, the provision which is more protective of consumer or debtor shall prevail.
[Emphasis added]. We conclude that the provision of the federal statute which provides protection to the consumer by limiting the assessment of attorney's fees against the consumer for bringing an action is a provision which is "more protective of the consumer or debtor," than the provision of the Florida Act. If it is more protective, the Florida Act, by its terms, cedes to the federal act. If the Florida Act is more protective of the consumer, the Florida Act controls. Either way, the offer of judgment statute takes the back seat.
We conclude that the trial court correctly denied an award of attorney's fees to C & M based on its finding that the offer of judgment statute is preempted by the FDCPA. Only where the court expressly finds that the plaintiff's case was brought in bad faith or for the purpose of harassment can attorney's fees be awarded against the unsuccessful plaintiff in an FDCPA action.
AFFIRMED.
ANTOON, C.J., concurs
HARRIS, J., dissents, with opinion.
HARRIS, J., dissenting.
I respectfully dissent.
The issue in this case is whether the Federal Fair Debt Collection Protection Act, which provides that the prevailing defendant is entitled to attorney fees only if the consumer has brought the action in bad faith or for the purpose of harassment, supercedes Florida's offer of judgment statute, section 768.79, Fla. Stat. Since I believe it does not, arid since I believe the defendant's offer of judgment, although conservative, was made in good faith, I would reverse the trial court.
Whether a federal law preempts a state law generally turns on the answers to four questions.[1] (1) Is the state law explicitly preempted by the federal act? The answer here is no. (2) Is the state law *635 implicitly preempted by federal law because Congress has regulated the entire field? Again, the answer in our case is no. (3) Is the state law implicitly preempted because compliance with both the state and federal law is impossible? Once again, the answer is no. (4) Is the state law implicitly preempted because its enforcement would create an obstacle to accomplishment and execution of the full purpose of the federal law? A thousand times, no.
The purpose of the federal act involved in this action is to discourage improper debt collections by encouraging wronged consumers to sue for damages based on non-compliance with the act. The prevailing plaintiff receives attorney fees. So as to not discourage a close, but legitimate, action, Congress has provided that even if the consumer loses, he or she will not be required to pay attorney fees to a prevailing defendant unless the action was brought in bad faith or for harassment. Clearly, therefore, if Florida sought to impose a prevailing party attorney fees provision in an action under the federal law, it would be preempted. But there is nothing in the federal act, nor is there a reason within the policy behind the federal act, that would preclude a state from requiring that all parties in litigation, even if the litigation involves this federal act, to realistically evaluate their case, after filing and after appropriate discovery has been completed, and to accept a settlement offer commensurate with their claim.[2] In the case of an award under the offer of judgment statute, defendant is not awarded attorney fees as the prevailing party. If one accepts an offer of judgment, clearly he or she has "prevailed" in the action, not the one who pays the settlement. The purpose of the Florida statute is not to discourage consumer protection, nor does it. There is no evidence that the offer of judgment statute has in any way discouraged civil actions from being filed in this state. Look at the statistics. Its purpose is to speed the resolution of all actions once filed in order to reduce the costs of litigation and to relieve court congestion. It is a good policy and one, I am sure, Congress did not intend to preempt by the enactment of this federal act.
Appellant's position is that since the federal law says a prevailing defendant cannot recover attorney fees unless plaintiff is shown to have filed the action in bad faith or for harassment, and since even though defendant prevailed there was no proof of a bad faith filing, clearly the award of attorney fees is contrary to the federal act. But the attorney fees are not sought in this case because of a bad faith filing. They are sought because plaintiff unnecessarily extended the action once filed, causing greater costs to both litigants while unnecessarily tying up court facilities and personnel. By making an offer of judgment, defendant in effect says:
"Even though I do not believe you will prevail, I recognize your action was filed in good faith and, therefore, even if my client prevails on your claim, he will not be entitled to attorney fees. Therefore, in order to reduce his obligation to me for my attorney fees, my client hereby *636 offers you the amount he believes you will receive even if you win."
"Ah, but if I prove even a technical violation, I will be entitled to attorney fees."
"The offer includes your attorney fees through the date of the offer."
"Well, I believe it is possible that I can get more by going to trial so I reject your offer."
How can an offer to pay a consumer the value of his claim discourage the filing of consumer actions? Obviously, if the consumer later recovers less than seventy-five percent of the offer, he or she will be responsible, under the Florida statute, for the defendant's attorney fees from the date of the offer. Not because defendant has prevailed but because plaintiff acted unreasonably in rejecting a reasonable offer which would have resolved the matter. If the consumer loses altogether, he will receive no fees for his attorney and will be responsible for defendant's fees, but only from the date of the offer. If, on the other hand, he prevails, but for less than the offer, he will be entitled to his reasonable attorney fees but will suffer an offset in the amount of the unnecessary fees he caused the defendant to incur. If we place the Florida statute side-by-side with the federal act, we see that it is possible to enforce them both and that the enforcement of both will not discourage good faith consumer actions.
Concerning the offer itself. These consumers, who had failed to pay their condominium assessments when due, were contacted by attorneys representing the condominium association making a demand for payment pursuant to the condominium documents. The demand included interest and the cost of making the demand including attorney fees and the costs of filing a lien. The consumers complained that even though the lien had been prepared prior to the letter, it had not actually been filed at that time (although it was subsequently filed) and hence the inclusion of the costs for its filing in the demand letter violated the Federal Fair Debt Collection Protection Act. They sued for damages.
Although defendant believed that an obligation to an association which has a fiduciary relationship with the obligee is not a consumer debt within the contemplation of the Federal Fair Debt Collection Protection Act, and even if it is, that the consumers' damages would be nominal because the violation, if any, was technical, it offered $625 to resolve the matter.
Although this was a low offer, it was not unreasonable if the defendant believed the action to involve a mere technical violation of the act. In Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the United States Supreme Court held that even though one who recovers only nominal damages under the Civil Rights Act is the "prevailing party" for attorney fees consideration, the degree of the plaintiffs overall success goes to the reasonableness of the fee award. The court upheld the reversal of a fee award of $280,000 in fees because, even though plaintiff "prevailed," a reasonable fee in a case involving a technical violation amounting to only nominal damages is no fee at all. The court in Johnson v. Eaton, 80 F.3d 148 (5th Cir.1996), applied Farrar to a Federal Fair Debt Collection Protection Act case stating: "[E]ven if Johnson's reading of the FDCPA was correct and she was entitled to receive a reasonable attorney's fee for her technical victory, Farrar makes it clear that a reasonable fee would be $0.00."
If defendant herein believed that the consumers could not prove any actual damages flowing from a technical violation of the act, then it might reasonably anticipate an award of nominal damages resulting in little or no consumers' attorney fees and, based on that, the offer made in this case was not made in bad faith. There is no indication in this record that defendant believed otherwise.
NOTES
[1] See Sears Roebuck and Co. v. O'Brien, 178 F.3d 962 (8th Cir.1999).
[2] Appellee and the majority rely on Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997). Moran found a conflict between the provisions of section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, and our offer of judgment statute. I find no conflict. Two separate policies are involved. The federal act awards a prevailing defendant attorney fees when the plaintiff has filed, in effect, a frivolous action. The federal act does not address the failure to settle a non-frivolous action once a reasonable offer has been made. An offer of judgment assumes that the action is not frivolous (otherwise defendant would ask for attorney fees under a more appropriate provision); it merely indicates that defendant believes that he or she will prevail or, at the very least, will be responsible for an amount less than the offer. Because under the test stated in the Sears case cited above, Florida's offer of judgment statute is neither explicitly preempted by the act nor implicitly preempted by it because Congress has regulated the entire field, or because compliance with both acts would be possible or because enforcement of the Florida statute would not defeat the purpose of the federal law, Florida's offer of judgment statute should be enforced.