809 So.2d 51 (2002)
Linda Rice CHAPMAN, Appellant,
v.
Morton LAITNER, Appellee.
Nos. 3D00-3342, 3D01-789.
District Court of Appeal of Florida, Third District.
February 6, 2002.
Frank M. Shooster and Nancy Little Hoffmann, for appellant.
Dittmar & Hauser and Helen Ann Hauser, for appellee.
Richard E. Johnson, for the National Employment Lawyers Association, Florida Chapter, as amicus curiae.
Before JORGENSON, GODERICH and FLETCHER, JJ.
GODERICH, Judge.
Linda Rice Chapman filed suit against Morton Laitner pursuant to 42 U.S.C. § 1983 alleging a civil rights violation. Following extensive discovery, the trial court granted Laitner's motion for final summary judgment. Thereafter, the trial court granted Laitner's motion for attorney's fees pursuant to section 768.79, Florida Statutes (2000), and Rule 1.442, Florida Rules of Civil Procedure, based on Laitner's offer of judgment. Chapman's appeal followed.
*52 A review of the evidence, in the light most favorable to Chapman, indicates that there was insufficient admissible evidence to create a jury question as to whether Laitner committed any conduct that violated section 1983. As such, we affirm the trial court's order granting final summary judgment in favor of Laitner. See Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir.1996), cert. denied, 519 U.S. 808, 117 S.Ct. 51, 136 L.Ed.2d 15 (1996).
Chapman also appeals from the award of attorney's fees. We reverse based on the factually indistinguishable case of Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997). In Moran, the Second District held that section 768.79(1) is preempted by 42 U.S.C. § 1988 "because section 1988 allows the award of attorney's fees to prevailing defendants in a much more limited context than does section 768.79(1)." Moran, 694 So.2d at 887.
Laitner also sought an award of attorney's fees pursuant to 42 U.S.C. § 1988. The trial court, however, did not rule on that issue finding that it was moot as a result of its award pursuant to section 768.79. Therefore, although a review of the record does not seem to indicate that Laitner was entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988, we remand to the trial court for such a determination. See Moran, 694 So.2d at 886-87 (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))("A prevailing defendant [in a civil rights action brought pursuant to 42 U.S.C. § 1983,] may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.").
Affirmed in part, reversed in part, and remanded with directions.