934 So.2d 643 (2006)
Vicky TALBOTT, Appellant,
v.
AMERICAN ISUZU MOTORS, INC., n/k/a Isuzu Motors America, Inc., Appellee.
No. 2D04-3680.
District Court of Appeal of Florida, Second District.
August 2, 2006.
*644 Scott Cohen, Alex D. Weisberg, and Theodore F. Greene, III, of Krohn & Moss, Ltd., Sunrise, for Appellant.
Frank D. Hosley and Richard P. Spence of Seipp, Flick & Kissane, P.A., Lake Mary, for Appellee.
VILLANTI, Judge.
Vicky Talbott appeals the trial court's order granting American Isuzu Motors, Inc., attorney's fees and costs under the offer of judgment statute, section 768.79, Florida Statutes (2003). Talbott contends that 15 U.S.C. § 2310(d)(2) of the Magnuson-Moss WarrantyFederal Trade Commission Improvement Act (Magnuson-Moss Act), 15 U.S.C. §§ 2301-2312, preempts Florida's offer of judgment statute and precludes Isuzu from recovering attorney's fees. We disagree and affirm the trial court's award of attorney's fees and costs. While this appeal was pending, the Fifth District, in Marcy v. Daimler-Chrysler Corp., 921 So.2d 781 (Fla. 5th DCA 2006), issued its opinion explaining why the Magnuson-Moss Act does not preempt Florida's offer of judgment statute. We write to express our agreement with the result in Marcy.
Vicky Talbott, unhappy with her brand new 2002 Isuzu Trooper, filed suit against Isuzu under the Magnuson-Moss Act, seeking damages for breach of express and implied warranties. Isuzu twice made Talbott offers of judgment, first for $500 about three months after Talbott initially filed her complaint and then for $1500 four months later. Talbott did not accept either offer. Isuzu subsequently won final summary judgment in its favor on two counts in Talbott's complaint and, after a trial, final judgment in its favor on the remaining count. Isuzu filed a motion for attorney's fees and costs under Florida's offer of judgment statute, section 768.79. Talbott argued to the trial court that section 768.79 was preempted by the Magnuson-Moss Act. The trial court disagreed and granted Isuzu's motion for attorney's fees and costs, awarding Isuzu $27,253 in attorney's fees and $2036.14 in costs. Talbott appeals.
Whether a federal statute preempts a state statute is a question of law that we review de novo. Federal preemption "may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (quoting FMC Corp. v. Holliday, 498 U.S. 52, 56-57, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)).
*645 The Magnuson-Moss Act does not contain an express preemption of state statutes governing attorney's fee awards. Therefore, we turn to a discussion of implied preemption.
Preemption can be implied when there is a conflict between a federal and a state law. State v. Wolland, 902 So.2d 278, 281 (Fla. 3d DCA 2005) (citing English v. Gen. Elec. Co., 496 U.S. 72, 78-79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990)). There is a conflict between a federal and a state law when "it is either physically impossible to comply with the dictates of both sets of laws or where dual compliance is technically possible but state law creates an obstacle to fulfilling federal policy and goals." Id.
Florida's offer of judgment statute provides:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79(1). The Magnuson-Moss Act provides:
If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action....
15 U.S.C. § 2310(d)(2). Section 768.79 provides for awards of attorney's fees to parties who previously attempted to settle a case by making offers of judgmentnot based on their status as prevailing parties but on their offers of judgment and the ultimate determination of liability. The Magnuson-Moss Act, on the other hand, provides for awards of attorney's fees to prevailing consumers. It is possible to comply with the dictates of both section 768.79 and the Magnuson-Moss Act because the Magnuson-Moss Act does not say that defendants or manufacturers can never recover their attorney's fees;[1] defendants *646 or manufacturers simply cannot argue entitlement to attorney's fees based on only the Magnuson-Moss Act. Here, Isuzu would not be entitled to recover attorney's fees under the Magnuson-Moss Act because it is not a consumer. However, it could recover attorney's fees under section 768.79 because the judgment was ultimately one of no liability and Isuzu made an offer of judgment. Theoretically, it is possible to comply with the dictates of both section 768.79 and the Magnuson-Moss Act even if the plaintiff consumer prevailsthe court could award a prevailing consumer attorney's fees and costs and then offset that award against the defendant's post-offer of judgment fees and costs as the Supreme Court of Alaska discussed in Catalina Yachts v. Pierce, 105 P.3d 125, 129 (Alaska 2005). Although not binding, Catalina Yachts has a sound analysis on this issue:
Two provisions are in direct conflict when they cannot both be followed when complying with one necessarily means violating the other. If Magnuson-Moss, by authorizing awards only to consumers, bars fee awards to defendants, then [Alaska's court rule allowing for attorney's fees based on an offer of judgment] cannot be followed without violating the federal law. But the [Magnuson-Moss] Act's failure to authorize awards to defendants is not the same as a bar on such awards when they are allowed by another authority. This silence distinguishes Magnuson-Moss from other federal laws that place limits on the circumstances in which defendants can receive fee awards and that therefore may conflict with state fee provisions....
... [I]t is possible to follow both the state rule and the federal act without violating either. A court could ... award the prevailing plaintiff [consumer] full fees and costs, then offset that award against the defendant's post-offer fees and costs....
Id. at 129 (footnotes omitted).
The Magnuson-Moss Act and Florida's offer of judgment statute also do not conflict in purpose. Florida's offer of judgment statute does not create an obstacle to fulfilling the federal goal of encouraging consumers to bring valid breach of warranty claims. In fact, the goals of the Magnuson-Moss Act and Florida's offer of judgment statute are complementaryencouraging consumers to bring valid breach of warranty claims and then encouraging them to evaluate and settle those claims. Similar reasoning was used by the United States Supreme Court in Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In Marek, the Supreme Court discussed a federal offer of judgment rule that "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Id. at 5, 105 S.Ct. 3012. The Court reasoned that a federal statute that sought to "encourage[] *647 plaintiffs to bring meritorious civil rights suits" was "consistent with the policies and objectives" of the offer of judgment rule, which "simply encourages settlements." Id. at 11, 105 S.Ct. 3012. "There is nothing incompatible in these two objectives." Id.
Florida's offer of judgment statute penalizes parties who "fail to act reasonably and in good faith in settling lawsuits." Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996). Consumers should not be exempt from this penalty if they fail to act reasonably and in good faith simply because they are consumers. Because section 768.79 and the Magnuson-Moss Act do not conflict either in language or in purpose, we conclude that section 768.79 is not preempted by the federal statute.[2]
Talbott next suggests that Isuzu's offer of judgment was not made in good faith. The standard of review is abuse of discretion. Hall v. Lexington Ins. Co., 895 So.2d 1161, 1166 (Fla. 4th DCA 2005). Once Isuzu showed that it was entitled to attorney's fees, Talbott had the burden to show that the offer was not made in good faith. See id. "The determination of whether an offer was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make the offer." Id. Isuzu made an initial offer of $500 and a subsequent offer of $1500 because it evaluated no liability, a conclusion also reached by the jury. A review of the record reveals no evidence that the trial court abused its discretion in finding that Isuzu's offer was made in good faith.
Talbott's final argument is that the amount of attorney's fees was excessive, an argument we also find to be without merit. The trial court's final order granting attorney's fees to Isuzu properly made findings regarding the reasonableness of the hourly rate and number of hours charged as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985). The record contains competent, substantial evidence to support the amount awarded. Debra J. Sutton, P.A. v. LeBeau, 912 So.2d 327, 328 (Fla. 2d DCA 2005) ("An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.") (quoting Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000)).
In sum, we affirm this case because the trial court did not err in granting attorney's fees to Isuzu under Florida's offer of judgment statute. Florida's offer of judgment statute, section 768.79, is not preempted by federal law. The trial court's finding that Isuzu's offer was made in good faith was not an abuse of discretion, and the trial court's determination of the amount of attorney's fees was supported by competent, substantial evidence.
Affirmed.
WALLACE, J., Concurs.
KELLY, J., Dissents with opinion.
KELLY, Judge, Dissenting.
The majority should have relied on decisions from this court, not the dubious reasoning of an Alaskan court, to determine whether Florida's offer of judgment statute, *648 section 768.79, is preempted by 15 U.S.C. § 2310(d)(2), which provides for an award of attorney's fees to prevailing consumers in an action under the federal Magnuson-Moss Warranty Federal Trade Commission Improvement Act (Magnuson-Moss Act), 15 U.S.C. §§ 2301-2312 (1998). This court has held that where a federal law provides for an award of attorney's fees in a more limited context than provided for under state law, the federal law preempts the state law. Adherence to this standard compels the conclusion that the Magnuson-Moss Act preempts section 768.79, because under section 768.79 a manufacturer can recover fees from a consumer provided the statutory conditions for the award are satisfied, while under the Magnuson-Moss Act, a manufacturer can never recover its attorney's fees from a consumer in an action brought under the Act.
As indicated in the majority opinion, this case involves "conflict preemption." The Supreme Court, when describing conflict preemption, "has spoken of pre-empting state law that `under the circumstances of th[e] particular case ... stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'whether that `obstacle' goes by the name of `conflicting; contrary to; ... repugnance; difference; irreconcilability; inconsistency; violation; curtailment; ... interference,' or the like." Geier v. Am. Honda Motor Co., 529 U.S. 861, 873, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000) (quoting Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). The Court has not distinguished between "`conflicts' that prevent or frustrate the accomplishment of a federal objective and `conflicts' that make it `impossible' for private parties to comply with both state and federal law. Rather, it has said that both forms of conflicting state law are `nullified' by the Supremacy Clause." Id. (citations omitted).
The issue here is whether section 768.79 "`stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"[3]Id. (citation omitted). In Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997), this court considered whether section 768.79 conflicted with the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. 42 U.S.C. § 1988 states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Under this statute, a prevailing defendant may recover fees only where the action was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). On the other hand, section 768.79 allows a defendant to obtain fees regardless of whether it has prevailed and regardless of whether the suit is "frivolous, unreasonable, or without foundation." Id. Because section 1988 allowed an award of attorney's fees to prevailing defendants "in a much more limited context" than section 768.79(1), this court held that section 768.79(1) was preempted. Moran, 694 So.2d at 887.
In Petsche v. Prudential Insurance Co. of America, 607 So.2d 514 (Fla. 2d DCA 1992), this court held that section 627.428, which mandates the assessment of attorney's fees against insurers where a judgment is entered in favor of an insured, was preempted by 29 U.S.C. § 1132(g), which provides for a discretionary award of fees in an action brought under the Employee *649 Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. This court cited as authority Florida Automobile Dealers Industry Benefit Trust v. Small, 592 So.2d 1179, 1182-83 (Fla. 1st DCA 1992) (on motion for rehearing), which recognized that Florida's mandatory provision was inconsistent with the discretionary provision contained in section 1132 and thus was preempted.
Other Florida courts have used the same test. In Clayton v. Bryan, 753 So.2d 632 (Fla. 5th DCA 2000), the Fifth District considered whether a fee provision in the Federal Fair Debt Collection Protection Act (FDCPA), 15 U.S.C. § 1692, preempted section 768.79. FDCPA allows an award of fees to a prevailing defendant when the court expressly finds that the plaintiff's case was "brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692.k(a)(3). Citing Moran, the court concluded that section 768.79 was preempted because it did not restrict an award of fees to cases brought in bad faith. Clayton, 753 So.2d at 633-34. In Keesee v. Bank of America, NA, 371 F.Supp.2d 1370, 1376 (M.D.Fla.2005), the court found that section 768.79 was "inconsistent" with 42 U.S.C. § 1988 because its provision for mandatory fees would "override" the discretionary test applied under federal law. The court noted that if section 768.79 were applied it "would expose plaintiffs to greater risk and upset the substantive balance of interest embodied in Title VII." Id. at 1377.
The one-way fee-shifting provision in the Magnuson-Moss Act is likewise a product of a balancing of interests by Congress. In drafting the Act, Congress recognized that "enforcement of the warranty through the courts is prohibitively expensive," and accordingly, a fee-shifting provision was necessary to make "consumer resort to the court feasible." S.Rep. No. 93-151, 7-8 (1973). By including the one-way fee-shifting provision, Congress demonstrated its intent "`to encourage private enforcement of the statutory substantive rights ... through the judicial process'" by making it "economically feasible for consumers to pursue their remedies in state courts." Skelton v. Gen. Motors Corp., 860 F.2d 250, 253, 256 n. 7 (7th Cir.1988) (citations omitted). By limiting the award of fees to those "reasonably incurred by the plaintiff" and by making the award to a prevailing consumer discretionary, Congress put safeguards in place to discourage unnecessary or nonmeritorious litigation. A consumer who does not prevail recovers nothing, and a consumer who continues to litigate despite a reasonable settlement offer risks having the court deny some or all of the fees the consumer is seeking on the grounds that such fees are not "reasonably incurred." Applying section 768.79 will "upset the substantive balance of interest" embodied in the Magnuson-Moss Act. See Keesee, 371 F.Supp.2d at 1377.[4]
I believe that the majority opinion's reliance on Catalina Yachts is misplaced. As explained above, this court has already articulated the standard by which it will judge whether a federal fee provision preempts state law. Further, the reasoning the court employed in that case is faulty. It ignores or misapprehends the *650 well-established rules used to construe federal attorney's fee statutes. Those rules recognize that fee statutes such as section 2310(d)(2) do not exist in a vacuum. Because it fails to read section 2310(d)(2) in the context in which Congress wrote it, the majority opinion suffers from the same flaw.
The Supreme Court has repeatedly explained the context in which courts are to discern Congress' intent. It has held that any analysis of a federal attorney's fee statute has to recognize that "Congress legislates against the strong background of the American Rule." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The "American Rule" is shorthand for the general rule that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Christiansburg, 434 U.S. at 415, 98 S.Ct. 694. When trying to ascertain what Congress intended with respect to a particular fee provision, courts must take into account that "[w]hat Congress has done, ... while fully recognizing and accepting the general rule, is to make specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (emphasis supplied); accord Christiansburg, 434 U.S. at 415, 98 S.Ct. 694 ("It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Congress has provided only limited exceptions to this rule `under selected statutes granting or protecting various federal rights.'") (citations omitted); Runyon v. McCrary, 427 U.S. 160, 185, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) ("[T]he law of the United States ... has always been that absent explicit congressional authorization, attorneys' fees are not a recoverable cost of litigation."). In other words, when Congress legislates, it does so with the understanding that unless it creates an exception, no party is entitled to an award of attorney's fees. When the Supreme Court states that in construing attorney's fees provisions it is "mindful of the fact that Congress legislates against the strong background of the American Rule," Fogerty, 510 U.S. at 533, 114 S.Ct. 1023, what it means is that any analysis of what Congress intended starts with the presumption that fees are not recoverable. See also Ruckelshaus v. Sierra Club, 463 U.S. 680, 683, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) (explaining that when construing an attorney's fee provision, "[o]ur basic point of reference is the `American Rule'").
In light of that presumption, the fact that section 2310(d)(2) "does not say that defendants or manufacturers can never recover their attorney's fees" is beside the point. Congress has no reason to say that. Rather, section 2310(d)(2) represents an exception Congress has chosen to make to permit prevailing consumers to recover attorney's fees. By not including an exception for manufacturers, Congress has expressed its intention to preclude manufacturers from recovering fees.[5]
*651 In footnote 1, the majority opinion takes issue with this statement contending that "[a]pplying the American Rule does not mean that Congress is the only legislative body that can provide for attorney's fees, nor does it mean that Congress' silence is an absolute bar to recovering attorney's fees." This assertion misses the import of the discussion of the American Rule in this context. We are not "applying" the American Rule. It is supposed to serve as a reference point for determining congressional intent. Further, the majority's assertion begs the question we have been asked to decidewhether in fact Congress' "silence is an absolute bar to recovering attorney's fees" under Florida's offer of judgment statute. Obviously, Congress is not the only legislative body that can provide for attorney's fees; however, Congress is the only legislative body that can provide for attorney's fees in federal courts and, as the majority opinion acknowledges later in that footnote, it has not authorized fees for manufacturers. Thus, at least as a matter of federal law, the majority appears to concede that Congress, by failing to provide an exception for manufacturers, has expressed its intent to preclude manufacturers from recovering fees. The assertion that state legislatures can also enact attorney's fee statutes does not negate that fact. It is because state legislatures can also provide for attorney's fees that we have to engage in a preemption analysis. And it is because Congress is "silent"that is, it has not expressly stated that states may not provide for an award of fees to a manufacturerthat we must consider whether Congress has impliedly preempted, as opposed to expressly preempted, state law.
To make the determination of whether Congress has impliedly preempted section 768.79, we must analyze whether section 768.79 "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." See Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941). The majority opinion ignores the fact that this court has held that a state attorney's fee statute "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" where Congress has enacted a statute that provides for attorney's fees in "a much more limited context" than permitted by state law. See Moran, 694 So.2d at 887. In footnote 1, the majority opinion acknowledges that "[t]he Magnuson-Moss Act does not authorize fees for [manufacturers]" and that under section 768.79 a manufacturer denied fees under the Magnuson-Moss Act might nevertheless be able to recover those fees under section 768.79. This is exactly the situation Moran describes as a conflict that preempts the state attorney's fee statute: the federal law provides for fees "in a much more limited context." Id.
Apparently, the majority believes it is not bound by Moran because, in footnote 2, it dismisses Moran and the "numerous cases from this court and other districts" that have used this analysis because those cases "do not specifically address the unique language of the Magnuson-Moss Act." While that is accuratenot one of the cited cases considers whether the Magnuson-Moss Act preempts a state attorney's fee statuteit is also a meaningless distinction. Those cases also considered *652 "unique" federal statutes.[6] What is significant in those cases is not the particular statute involved, it is the standard those cases employed to evaluate whether state law conflicted with the statute at issue. As explained above, when "the unique language of the Magnuson-Moss Act" is examined under that standard, the conclusion that flows from that analysis is that section 768.79 is preempted.
The majority opinion expresses its agreement with Marcy; however, the flawed reasoning in Catalina Yachts also influenced that decision. See Marcy, 921 So.2d at 785 ("The [Magnuson-Moss Act] is silent as to attorneys' fees except with respect to a possible award to a prevailing plaintiff. No section of the federal statute denies a defendant the ability to recover fees and costs, or for that matter, even addresses whether a defendant can recover such expenditures."). In reaching its conclusion Marcy also cites federal cases generally standing for the proposition that Congress did not intend that the Magnuson-Moss Act supplant state law. These cases are inapposite because they address the effect of the warranty provisions of the Magnuson-Moss Act on the ability of states to regulate consumer warranties. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams, 899 F.2d 1315, 1320 (2d Cir. 1990) (noting that "`the protections of the [Magnuson-Moss Act] are in addition to, rather than in lieu of, warranty rights and remedies under State law,'" and that the states are permitted "`to fashion their own scheme of warranty rights and remedies which may be more protective than the minimum level of protection of the Federal Act'") (quoting Preemptive Effect of Section 111(c)(1) of the Magnuson-Moss Warranty Act, 43 Fed.Reg. 50737, 50737-38 (Oct. 31, 1978)) (emphasis supplied); Walsh v. Ford Motor Co., 807 F.2d 1000, 1012-14 (D.C.Cir.1986) ("Congress sought only to supplement state warranty law by prescribing certain minimum standards for warrantors, and by affording consumers additional avenues for redress . . . [w]e think it beyond genuine dispute that, as to both implied and written warranties, Congress intended the application of state law, except as expressly modified by Magnuson-Moss, in section 110(d) breach of warranty actions.") (footnotes omitted).
Marcy's citation to 15 U.S.C. § 2311 is likewise inapposite. Marcy states that this section details the Act's application to other statutes, and it "does not either expressly or implicitly preempt any state statute concerning an award of attorneys' fees for a prevailing party." 921 So.2d at 784. The issue we are concerned with is not whether the Magnuson-Moss Act expressly preempts section 768.79, but rather, whether preemption is implied because section 768.79 conflicts with section 2310(d)(2). Section 2311 has no bearing on whether those two fee provisions can coexist. Further, even if section 2311 was relevant to our analysis of whether those two provisions conflict, it states that the Magnuson-Moss Act does not invalidate or restrict the rights of consumers under state law:
2311. Applicability to other laws
....
(b) Rights, remedies, and liabilities
(1) Nothing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law or any other Federal law.
(Emphasis supplied.)
Marcy also cites Deadwyler v. Volkswagen of America, Inc., 748 F.Supp. 1146 *653 (W.D.N.C.1990). In that case, the court awarded attorney's fees to Volkswagen when it prevailed in class action litigation involving implied warranty and unfair and deceptive trade practice claims. Deadwyler is inapposite because the consumers' claims arose under state law, not the Magnuson-Moss Act.[7] When a federal court exercises diversity jurisdiction over state-law claims, it is obligated to apply state law to those claims. See Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). On the other hand, when a litigant brings a federal claim in a state court, a state law that interferes with the enforcement of the federal right must, under the Supremacy Clause, yield to the federal interest. Id. The fact that Volkswagen was able to recover its fees under state law in Deadwyler has no bearing on the analysis in this case. Thus, I find nothing in Marcy or in the majority opinion that persuades me to join the majority in its conclusion that section 768.79 is not preempted.
NOTES
[1] The dissent argues that because of the American Rule, "[b]y not including an exception for manufacturers, Congress has expressed its intention to preclude manufacturers from recovering fees." We disagree. The American Rule is that "attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties." State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993). Applying the American Rule does not mean that Congress is the only legislative body that can provide for attorney's fees, nor does it mean that Congress' silence is an absolute bar to recovering attorney's fees. Rather, under the American Rule, if Congress is silent on attorney's fees, a state statute, or even the parties themselves in a contract, can provide for attorney's fees. The Magnuson-Moss Act does not authorize fees for defendants; it authorizes fees for prevailing consumers. However, Florida's offer of judgment statute authorizes attorney's fees for any party who makes a settlement offer and then meets certain statutory conditions. Congress was presumably acting under the American Rule and knew that defendants would have to pay their own attorney's fees unless a statute provided otherwise. By remaining silent on attorney's fees for defendants, Congress left open the possibility that defendants could recover their attorney's fees under another statute, even if they could not recover their fees under the Magnuson-Moss Act.
[2] The dissent cites numerous cases from this court and other districts that discuss whether federal statutes other than the Magnuson-Moss Act preempt Florida's offer of judgment statute. These cases are inapplicable; they do not specifically address the unique language of the Magnuson-Moss Act. See, e.g., Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997).
[3] Although the majority opinion contains a lengthy discussion of "impossibility" preemption, Talbott has not argued that it is impossible to comply with both statutes.
[4] In support of its contention that section 768.79 is compatible with section 2310(d)(2), the majority opinion cites Marek for its discussion of Federal Rule of Civil Procedure 68, the federal offer of judgment rule. What the majority fails to appreciate is that in Marek the court limited recovery of attorney's fees under rule 68 to those fees a party would be entitled to recover pursuant to the statute governing the underlying action. 473 U.S. at 9, 105 S.Ct. 3012. Thus, the rule does not put a party at risk of paying fees where the underlying statute does not already subject them to that risk.
[5] Federal courts have recognized a limited number of nonstatutory exceptions to the general rule. One of those is that attorney's fees may always be awarded against a party who has proceeded in bad faith. Thus, even in the absence of a statute, a party can still recover fees under this common law exception. In this case, however, it is at least arguable that manufacturers are precluded from recovering fees even under this exception because section 2310 provides for a fee award to prevailing consumers only. In Christiansburg, the court, in discussing how the American Rule impacts its interpretation of fee statutes, explained that although the common law exception was available where an attorney's fee statute provided for fees to the prevailing party, "[h]ad Congress provided for attorney's fee awards only to successful plaintiffs, an argument could have been made that the congressional action had pre-empted the common-law rule, and that, therefore, a successful defendant could not recover attorney's fees even against a plaintiff who had proceeded in bad faith." 434 U.S. at 419 n. 13, 98 S.Ct. 694.
[6] Moran and Keesee compared 42 U.S.C. § 1988 to section 768.79, Petsche and Small compared 29 U.S.C. § 1132(g) to section 627.428, and Clayton compared 15 U.S.C. § 1692 to section 768.79.
[7] The court specifically rejected the plaintiffs' attempt to characterize the implied warranty claims as federal claims under the Magnuson-Moss Act.