[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14618

_____

D. C. Docket No. 04-00078-CV-ORL-28KRS

SYLVESTER JONES,

Plaintiff-Appellee,

versus

UNITED SPACE ALLIANCE, L.L.C.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 8, 2007)**

Before BARKETT, KRAVITCH and STAHL,* Circuit Judges.

KRAVITCH, Circuit Judge:

_____

* Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by
designation.

Appellant United Space Alliance ("USA") appeals the district court's denial of attorneys' fees. Appellee Sylvester Jones sued USA in Florida state court asserting both federal and state employment discrimination claims. USA removed the case to federal court and eventually won summary judgment on all counts. This court affirmed the judgment, and USA sought attorneys' fees under Florida's offer-of-judgment statute, Fla. Stat. Ann. § 768.79. The district court denied attorneys' fees, finding that Federal Rule of Civil Procedure 68 ("Rule 68") preempted the state law and on the alternative ground that § 768.79 is preempted by a federal attorneys' fee statute, 42 U.S.C. § 1988. For the reasons that follow, we conclude that controlling Florida caselaw prevents USA's recovery of attorneys' fees under § 768.79, and we therefore affirm the district court's order.

## I. BACKGROUND

Jones sued USA in Florida state court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., ("Title VII") and the Florida Civil Rights Act of 1992, Fla Stat. Ann. §§760.01-.11, ("FCRA"). He alleged that he was (1) terminated because of his race and religion and (2) subjected to a hostile work environment on account of his religion. After removing the case to federal court, USA served Jones with an offer of judgment pursuant to Florida law that provides for recovery of "reasonable costs and attorney's fees" from the date of the offer "if

2

the judgment is one of no liability or the judgment obtained by the plaintiff is at least twenty-five percent less" than the offer. Fla. Stat. Ann. § 768.79.

Jones did not accept the offer of $2,500, and USA was later awarded summary judgment on all counts.[1] USA moved for attorneys' fees under § 768.79, but the district court dismissed the motion without prejudice pending Jones's appeal before this court. After this court affirmed the judgment,[2] USA again moved for attorneys' fees, arguing that they were mandatory under § 768.79 and that Rule 68 did not "impermissibly conflict" with § 768.79.[3]

---

[1] Jones v. United Space Alliance, No. 6:04-cv-78-Orl-28KRS, 2005 U.S. Dist. LEXIS 33923, (M.D. Fla. April 26, 2005).

[2] Jones v. United Space Alliance, 170 Fed. Appx. 52 (11th Cir. 2006) (unpublished).

[3] Rule 68 states, in part:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn . . . **If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer . . . .**
Fed. R. Civ. P. 68 (emphasis added).
The Florida statute states, in part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, **the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.**
Fla. Stat. Ann. § 768.79(1) (West 2006) (emphasis added).

The district court denied USA's motion. The court adopted a magistrate's report in another case before it, finding that Rule 68 preempts § 768.79.[4] The report held that Rule 68 "directly collides" with § 768.79 because the defendant would be entitled to attorneys' fees under § 768.79 but not under the Federal Rule. The report further found that both Rule 68 and § 768.69 were designed to accomplish the same goal of early settlement to avoid litigation and so Rule 68 was broad enough to "control the issue." The district court accepted the report's conclusions and denied USA's request for attorneys' fees because Rule 68 does not allow for recovery when the defendant obtains a judgment in its favor. Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S. Ct. 1146, 1150 (1981) (holding that Rule 68 is inapplicable to cases where the defendant obtained judgment).

The district court also accepted the magistrate's recommendation that § 768.79 conflicts with and is preempted by 42 U.S.C. § 1988 because § 768.79 cannot be applied if it violates Christiansburg Garment Co. v. EEOC, which limits a defendant's recovery of attorneys' fees in civil rights cases to those claims that

---

[4] Yossifon v. City of Cocoa Beach, No. 6:02-cv-06-Orl-28KRS, 2006 U.S. Dist. LEXIS 52195, (M.D. Fla. July 28, 2006).

4

are "frivolous, unreasonable, or without foundation."  434 U.S. 412, 421, 98 S. Ct. 694, 700 (1977).[5]

This appeal follows.

## II.  STANDARD OF REVIEW

We review questions of law de novo and factual findings for clear error. Veale v. Citibank, 85 F.3d 577, 579 (11th Cir. 1996).  We review de novo a district court's interpretation of a state law.  McMahan v. Toto, 311 F.3d 1077, 1081 (11th Cir. 2002).

## III.  DISCUSSION

This case presents two issues of first impression in this circuit.  The first issue is whether Florida courts apply Christiansburg to limit the application § 768.79 in cases under the FCRA.  The second issue is whether Rule 68 preempts the application of § 768.79 in cases where the defendant receives judgment. Because we interpret Florida caselaw to limit the application of § 768.79 in state civil rights cases, we need not reach the merits of the Rule 68 preemption issue.

Jones brought his federal and state employment discrimination claims in state court, and USA subsequently removed them to federal court.  Because we apply substantive Florida law to state claims heard on the basis of supplemental

---

[5] This case, like Christiansburg, involves Title VII not, as the district court discussed, § 1988.

5

jurisdiction, we must determine whether Florida's offer-of-judgment statute is substantive for Erie purposes. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966).

This circuit has found § 768.79 to be substantive law for Erie purposes. See McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), modified in part by 311 F.3d 1077 (11th Cir. 2002) (holding that § 768.79 is substantive for Erie purposes); see also All Underwriters v. Weisberg, 222 F.3d 1309, 1311-12 (11th Cir. 2000) (holding that Fla. Stat. § 627.428 allowing for recovery of attorneys' fees in insurance actions is substantive); Tanker Mgmt., Inc. v. Brunson, 918 F.2d 1524, 1528-29 (11th Cir. 1990) (examining a different Florida attorneys' fee provision and affirming the district court's award of attorneys' fees under the relevant state statute). Therefore, we look to Florida law to determine whether § 768.79 should be applied in this case.

Because the FCRA is modeled on Title VII, Florida courts apply Title VII caselaw when they interpret the FCRA. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Under federal law, prevailing defendants cannot recover attorneys' fees in Title VII cases unless the claim was "frivolous, unreasonable, or without foundation." Christiansburg, 434 U.S. at 421, 98 S. Ct. at

700. And Florida has expressly adopted the Christiansburg standard for cases under the FCRA. Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 970 n.1 (Fla. Dist. Ct. App. 2007).

Although the Florida Supreme Court has not ruled that Christiansburg prevents defendants from recovering attorneys' fees under § 768.79, several intermediate courts of appeal have so held, and we are bound by those decisions. Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000) ("Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law. Concomitantly, the Florida Supreme Court has held that 'the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court. Thus, in the absence of inter[-]district conflict, district court decisions bind all Florida trial courts.'") (quoting Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992)) (internal citation omitted).

In Moran v. City of Lakeland, the Second District Court of Appeal ruled that a defendant could not recover attorneys' fees under § 768.79 even though he had filed an otherwise valid offer of judgment because the underlying civil rights action limited attorneys' fees to frivolous suits. 694 So. 2d 886, 886-87 (Fla. Dist. Ct. App. 1997). Moran's original claim was under §§ 1983 and 1988, not Title

7

VII, but—contrary to appellant USA's argument—actions under § 1988 and Title VII are to be treated identically with concern to attorneys' fees. See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939 n.7 (1983) (noting that § 1988 was patterned on the Title VII provisions and holding that they should be governed by the same standards); see also Sullivan v. School Bd.,773 F.2d 1182, 1188 (11th Cir. 1985) (noting that both Title VII and § 1983 actions are governed by the Christiansburg standard that allows defendants to recover attorneys' fees only when the underlying claims were "frivolous, unreasonable, or without foundation") (citing Christiansburg, 434 U.S. at 421, 98 S. Ct. at 700). Florida's Third District Court of Appeal followed Moran in Chapman v. Laitner, 809 So. 2d 51, 52 (Fla. Dist. Ct. App. 2002).

Importantly, the Fifth District Court of Appeal, in a case applying § 768.79 to a suit brought under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, distinguished Moran by noting that the offer-of-judgment provision applied in the instant case because it was *not* a civil rights claim. Marcy v. Daimler Chrysler Corp., 921 So. 2d 781, 786-87 (Fla. Dist. Ct. App. 2006); see also Talbot v. Am. Isuzu Motors, Inc., 934 So. 2d 643 (Fla. Dist. Ct. App. 2006) (agreeing with Marcy); but see Clayton v. Bryan, 753 So. 2d 632 (Fla. Dist. Ct. App. 2000) (following Moran and finding that § 768.79 does not apply to a case brought under

8

the Federal Fair Debt Collection Protection Act, 15 U.S.C. § 1692).  Notably, there have been no Florida appeals cases providing attorneys' fees under § 768.79 for a prevailing defendant under the FCRA where <u>Christiansburg</u> would have barred recovery.

Because (1) Florida courts have limited the application of § 768.79 in federal civil rights cases under § 1988 to those that are "frivolous, unreasonable, or without foundation," <u>see</u> <u>Moran</u>, 694 So. 2d at 886-87; (2) cases brought under § 1988 and Title VII attorneys' fees provisions are to be governed by the same standard, <u>see</u> <u>Hensley</u>, 461 U.S. at 433 n.7, 103 S. Ct. at 1339 n.7, and; (3) the FCRA is to be interpreted consistently with Title VII, <u>see</u> <u>Harper</u>, 139 F.3d at 1387, we hold that Florida's FCRA prevents the recovery of attorneys' fees under § 768.79 by the appellant USA.[6]

## IV.  Conclusion

For foregoing reasons, we **AFFIRM** the district court's order denying USA attorneys' fees.

---

[6] Appellant does not argue that Jones's claim was frivolous, unreasonable, or without foundation.