[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12450
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00068-JES-DNF


GAIL KASTEROWICZ,

                                                    Plaintiff-Appellant,

                        versus

WALGREEN CO.,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 22, 2014)

Before JORDAN, JILL PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In this appeal, we must determine the statute of limitations applicable to

claims of negligence and breach of warranty under Florida law.  Because we agree

with the district court's conclusion that the two-year limitations period applies, we affirm the district court's order granting Walgreen Company's (Walgreen) motion to dismiss.

I.

In February 2010, following surgery on her knee, Gail Kasterowicz filled a prescription for Ciprofloxacin at her local pharmacy.  Although the doctor prescribed a 500 mg dose twice a day, the pharmacist labeled the bottle with instructions to take two 500 mg tablets four times a day.  Kasterowicz followed the pharmacist's instructions, became ill as a result, and was hospitalized.   In July 2010, Kasterowicz learned that her illness was the result of a Ciprofloxacin overdose.  On February 21, 2014, Kasterowicz filed an amended complaint against Walgreen, alleging breach of warranty and negligence by the pharmacist.

Walgreen moved to dismiss the amended complaint as untimely under Florida's two-year statute of limitations applicable to professional malpractice claims, Fla. Stat. § 95.11(4)(a).  Kasterowicz responded that the applicable statute of limitations was four years because her claim involved a breach of warranty.  The district court granted the motion to dismiss, relying on *Sheils v. Jack Eckerd Corp.*, 560 So.2d 361 (Fla. Dist. Ct. App. 1990), and finding that the two-year statute of limitations applied.  This is Kasterowicz's appeal.

II.

We review *de novo* the district court's grant of a motion to dismiss. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). In a diversity action such as this, we apply the state's substantive law. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000). We review the district court's interpretation of state law in a diversity case *de novo*. *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

Under Florida law, the statute of limitations is two years for claims of professional negligence, "whether founded on contract or tort." Fla. Stat. § 95.11(4)(a). For claims of product liability, the statute of limitations is four years. *Id.* § 95.11(3).

In *Sheils v. Jack Eckerd Corp.*, the Florida Court of Appeals addressed the timeliness of a complaint alleging that a pharmacist mislabeled a prescription bottle with an incorrect dosage. 560 So.2d at 363. In that case, the plaintiffs alleged strict liability, negligence, and breach of warranty. *Id.* at 362. Although the plaintiffs argued that the four-year statute of limitations for products liability applied, the court found the complaint untimely because the statute of limitations for professional malpractice claims was two years. *Id.* As the court explained, "[i]t is not disputed in this case that but for the alleged negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory." *Id.* The court found that,

3

"where there are two conflicting statutes of limitations, . . . or where there is a substantial question which of the two statutes should be applied, the issue is often resolved on the basis of whether the jurisdiction in question favors a strict or liberal construction of such statutes." *Id.* at 363. Because Florida favored a more liberal view, the shorter limitations period applied. *Id.* The court further noted another general principle of statutory construction — where a general law conflicts with a more specific provision, the more specific provision controls. *Id.* Thus, a specific statute addressing professional negligence would control rather than a more general statute addressing products liability. *Id.*

In the instant case, the district court found, based on *Sheil*, that the two-year limitations period applied. We agree. *Sheil* is directly on point, and we have found no cases that would lead us to question whether the Florida Supreme Court would reach a different conclusion as to the applicable statute of limitations. *See McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002) ("[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently."). Moreover, the statutory language supports this interpretation: Under Florida law, a claim of professional malpractice, "*whether founded on contract or tort*," is subject to the two-year statute of limitations. Fla. Stat. § 95.11(4)(a)

4

(emphasis added). Thus, claims of breach of warranty arising out of the alleged negligence of a pharmacist in filling a prescription must be brought within two years. *Id.*

Finally, contrary to Kasterowicz's argument, the district court did not consider the breach of warranty and negligence counts as a single claim, and nothing in the district court's opinion limits a plaintiff's ability to bring both types of actions against a pharmacist. *See, e.g.*, *McLeod v. W.S. Merrell Co., Div. of Richardson-Merrell, Inc.*, 174 So.2d 736, 739 (Fla. 1965) (recognizing that a pharmacist who fills a prescription warrants that he has used due care in doing so); *see also Fontanez v. Parenteral Therapy Assocs., Inc.*, 974 So.2d 1101, 1104-05 (Fla. Dist. Ct. App. 2007) (citing *McLeod* and explaining that courts recognize that a plaintiff may bring a breach-of-warranty claim in addition to a negligence claim against a pharmacist). Kasterowicz's reliance on *Fontanez* is misplaced; that case addressed only whether a plaintiff could bring a breach-of-warranty claim, but did not discuss the applicable statute of limitations.

Accordingly, because Florida law has expressly held that a two-year statute of limitations applies to claims of professional malpractice such as those raised here, the district court properly dismissed Kasterowicz's complaint as untimely.[1]

---

[1] We see no reason to certify this question to the Florida Supreme Court, as Kasterowicz requests. "Substantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1268 (11th Cir. 2003). There is no unsettled

**AFFIRMED.**

---

question of law here, and no conflict among the state courts of appeals.  In fact, there is no case law to suggest that the state supreme court would reach a different conclusion than that reached in *Sheils*.