**Melissa COSTA**

v.

**Roger J. REMILLARD, Officer Dennis Ray, Officer Bruce Senecal, The North Smithfield Police Dept., Henrietta Delage, Personnel Director, Kenneth M. Bianchi, Town Administrator, Town of North Smithfield.**

**Civ. A. No. 94–0097P.**

United States District Court,
D. Rhode Island.

Feb. 17, 1995.

2. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Mortimer C. Newton, Providence, RI, for plaintiff.

Marybeth Holland, East Greenwich, RI, for Dennis Ray.

Judy Assad, East Greenwich, RI, for Bruce Senecal.

Marc DeSisto, DeSisto Law Offices, Providence, RI, for all other defendants.

## MEMORANDUM AND ORDER

LOVEGREEN, United States Magistrate Judge.

This matter is before me on plaintiff's motion to compel defendant Town of North Smithfield ("Town") to produce certain documents requested by plaintiff in a F.R.Civ.P. 34 request for production. Plaintiff requested the personnel files of defendants Ray and Senecal, members of the Town's police department, from February 1, 1988 to the present. The Town objected to plaintiff's request as to these documents and this motion was filed. A hearing was held on February 13, 1995.

By way of background, plaintiff is also a member of the Town's police department and has accused defendants Ray and Senecal of sexual harassment by creating a hostile work environment. The personnel records are sought to determine if there is any further evidence of sexual harassment committed by these defendants thereby demonstrating a pattern or tolerance of this type of behavior. Also, plaintiff seeks to determine if there is any admissible evidence or information that might lead to admissible evidence concerning educational opportunities and periods of disability for work-related injuries that were granted to defendants Ray and Senecal but denied to plaintiff presumably on the basis of her sex.

Counsel for the individual defendants, Ray and Senecal, object to the production of the entire personnel files of their clients on the basis that these files contain highly personal and confidential records, that the request is not likely to lead to admissible evidence and that the request is overly broad and a classic fishing expedition. Defendants cite to R.I.Gen. Laws § 38–2–2(d)(1) and the case of *Pawtucket Teachers Alliance v. Brady,* 556 A.2d 556 (R.I.1989). Section 38–2–1 et seq. is known as the Access to Public Records Act and its purpose is "to facilitate public access to governmental records which pertain to the policy-making functions of public bodies and/or are relevant to the public health, safety, and welfare." *Id.* The statute also seeks to "protect from disclosure information about particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy." *Id.* Assuming this statute applies to this matter, it does not support defendants' position. The statute does indicate that public records do not include personnel records. § 38–2–2(d)(1). However, the Rhode Island Supreme Court has stated that merely because an agency considers documents to be personnel records does not make them so even if maintained in a personnel file. *The Rake v. Gorodetsky,* 452 A.2d 1144 (R.I.1982). For example, civilian complaints of police brutality where the names of the complainants and police officers have been removed were not considered within the personnel records exception of the statute. *Id.*

I have reviewed the complete personnel files of defendants Ray and Senecal from February 1, 1988 to present. With only two exceptions, these files contain nothing that I would consider highly personal and confidential or an unwarranted invasion of personal privacy. Records of educational achievements, letters of commendation, instances of disability for sprained wrists and backs, reports of vehicle accidents involving police cruisers, and acknowledgements of receipts of departmental equipment and regulations are hardly the type of documents to be kept from the public, nevermind this plaintiff.

There is nothing in the files to indicate any performance review of defendants' abilities as police officers, no calculation of salary information and, as to one officer, no disciplinary information. Therefore, I order the files produced to plaintiff's counsel within 10 days of the date of this order with these exceptions: two documents from defendant Senecal's file being the letter dated February 5, 1992 from Chief Remillard and the memo from Senecal to Chief Remillard dated November 13, 1994 consisting of 4 pages.