[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15009
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00486-RH-CAS

TWANETTA ROLLINS,

Plaintiff-Appellant,

versus

CONE DISTRIBUTING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Twanetta Rollins sued her former employer, Cone Distributing Inc., for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 3, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.10(1)(a), (7). The district court granted summary judgment in favor of Cone on both claims. Rollins appeals the court's summary judgment ruling as well as several of its discovery rulings. After careful review of the parties' briefs and the record, we affirm.

## I.  BACKGROUND

Rollins worked at Cone for 45 days in a probationary capacity as a warehouse worker. Cone is a beverage distribution company, and Rollins was responsible for loading bulk quantities of beer and other beverages onto (and removing them from) Cone trucks. She worked in Cone's Tallahassee warehouse alongside another warehouse worker named Avery Mitchell. Rollins and Mitchell were supervised by Steve Verhage.

During Rollins' second week of employment, a Cone truck driver complained that his truck had not been loaded properly. Rollins had been responsible for loading that truck, so Tallassee office manager Kim Boyer called her in to meet with the driver. Rollins explained that she had not been trained properly, so the truck driver provided her with additional training. That same week, Rollins complained to Verhage that Mitchell was not performing his share of

2

the work in the warehouse.  Verhage stated he would speak with Mitchell about the issue.  Within the following two weeks, Rollins complained to Verhage that Mitchell had stopped working.  Verhage, Rollins, and Boyer spoke about the issue. Boyer assured Rollins that warehouse work would be distributed evenly between her and Mitchell.  Yet other workers complained that Rollins and Mitchell did not timely complete the work assigned to them during their shift.  In response, Rollins and Mitchell together developed a plan for splitting the work and presented it to Verhage.

At the beginning of Rollins's fourth week of work, she started training to receive a commercial driver's license ("CDL") with Dan Yero, Cone's CDL instructor.  The two worked together for five days during that week.  During a weekly personnel meeting with other Cone employees, Yero complained of difficulties training Rollins.  He reported that Rollins was not receptive and would not listen to his instructions and that she was the most difficult and combative trainee he had ever encountered.

Cone employees within their first 90 days of employment are on probation and subject to close scrutiny.  Cone Vice President for Administration Joseph Lopez therefore instructed Cone Director of Human Resources Tim Null to look into whether Rollins was a good fit for the company.  Null spoke to Yero about Rollins; Yero explained that Rollins was combative and that when Yero would

3

instruct Rollins to do something, she would argue that he was incorrect and do something different. Ultimately, Null decided to terminate Rollins's employment before the end of her probation. He came to this decision because he concluded that Rollins had difficulty working with others, did not perform tasks as instructed, and failed to follow Yero's instructions during driver training.

Rollins filed suit in Florida state court alleging sex discrimination and retaliation under state and federal law. Rollins alleged that her disagreements with Mitchell were based on his anger that Cone had hired a female warehouse worker and that Mitchell refused to train or work with her because of her sex. She also alleged that Yero intentionally gave her misleading information and said she was unready to take a CDL test while providing male employees with more opportunities for CDL training. Finally, Rollins alleged that she reported Mitchell's mistreatment of her to Verhage and that she was terminated in retaliation for filing this report. Cone removed the case to district court.

The parties proceeded to discovery. Rollins testified that she heard from another co-worker that Mitchell said he did not want to work with Rollins because she was a girl. She testified that she reported this comment to Verhage when she complained that Mitchell was not performing his share of the warehouse work.

Cone produced the personnel files of Mitchell and a male employee whom Rollins specifically identified as someone who might have received more favorable

4

treatment.  Rollins deposed many Cone employees including Null, Boyer, Verhage, Yero, and Lopez.

Yero testified that Rollins was argumentative, that she claimed she saw the road from a different perspective than Yero, and that she repeatedly did not follow his instructions about turning the truck during training.  Yero conceded that Rollins never expressly refused to follow his instructions.

Lopez testified as Cone's corporate representative.  His deposition lasted five hours and covered a wide variety of topics.  Lopez stated that Rollins's job performance was not what led to her termination.  But he did blame that termination in part on Rollins's failure to perform her duties as instructed, including the time she failed to load kegs into the driver's truck.  He also described Yero's difficulty training Rollins and Yero's complaint to Null.  Lopez detailed Null's investigation and decision to terminate Rollins because she was not a good fit for the company.

Rollins filed three motions to compel.  These motions argued that Cone failed to comply with many of Rollins's discovery requests, three of which are relevant on appeal.[1]  First, she sought the personnel files of every employee who

---

[1] In addition to the items we discuss below, Rollins also moved to compel Cone's written progressive discipline policy; the descriptions of the Transporter and Merchandiser positions; EEOC and Florida Commission on Human Relations charge forms served on Cone since 2010; files that Cone human resources employees possessed discussing complaints of harassment, retaliation, or discrimination since 2010; and documents created by Null regarding employee

had ever held Rollins's position at the Tallahassee warehouse to determine if these employees had received more favorable treatment than she did. Second, Rollins asked to conduct a second deposition of Lopez because he was not sufficiently prepared for his first deposition. Third, Rollins insisted that Cone respond to her interrogatories requesting information about the reasons for her termination; any documents related to those reasons; and any policies or procedures she could have utilized to address employment discrimination or harassment.

The district court denied each of these requests as disproportional to the needs of the case and duplicative of items already produced. The court did, however, grant part of one of Rollins's motions to compel and ordered Cone to produce any notes Boyer took during a meeting she held with Rollins and Mitchell. Even though it granted Rollins's motion in part, the court declined to order Cone to pay any of Rollins's expenses because it concluded that Cone was substantially justified in opposing Rollins's requests.

Cone moved for summary judgment. Rollins opposed the motion. The district court concluded that there was no evidence that race motivated Null's

---

discipline. Although Rollins mentions these items in passing on appeal, she fails to provide any specific arguments about why the district court erred in refusing to compel their production. We therefore decline to review the district court's rulings on these items. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (holding issues not adequately briefed on appeal are abandoned).

6

decision to terminate Rollins, so it granted summary judgment. This is Rollins's appeal.

## II.    STANDARDS OF REVIEW

We review a district court's denial of a motion to compel discovery for an abuse of discretion. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). We also review the denial of a request for expenses related to filing or responding to a motion to compel under Rule 37 for an abuse of discretion. *Id.* at 1313. This Court will not overturn a district court's discovery ruling unless the court has made a clear error of judgment, or has applied the wrong legal standard or the court's ruling "resulted in substantial harm to the appellant's case." *Id.* at 1306 (internal quotation marks omitted).

We review the district court's grant of summary judgment *de novo*, applying the same legal standards applied by the district court. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute exists where a reasonable fact-finder could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012). In determining whether evidence creates a factual dispute, a court should draw

reasonable inferences in favor of the non-moving party, but "inferences based upon speculation are not reasonable." *Id.* at 1301 (quotation omitted).

## III.    DISCUSSION

### A.    Discovery Rulings

Rollins appeals the district court's denial of her motions to compel three items.  First, Rollins sought copies of Cone personnel files, but her request was overbroad.  Second, she pursued a second deposition of Lopez; however, deposing Lopez again would have been duplicative and would not have helped resolve the issues in the case.  Third, Rollins demanded responses to three of her interrogatories.  Yet these interrogatories sought information already in the record.  The district court therefore did not abuse its discretion in denying Rollins's motions to compel.

Nor did the district court abuse its discretion in denying Rollins's request for costs.  Although her motions to compel were partially successful, Cone was substantially justified in resisting her discovery requests.

### 1.    Motions to Compel

Rollins challenges the court's denial of her motions to compel.  A party may move for an order compelling discovery or disclosure.  Fed. R. Civ. P. 37(a)(1).  Discovery may be had as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P.

8

26(b)(1).  The court must limit the frequency or extent of discovery otherwise permitted if it determines that "the discovery sought is unreasonable cumulative or duplicative," or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C).  "The scope of discovery in Title VII cases is not without limits."  *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992).  "Where a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied."  *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Rollins's motion to compel Cone personnel files, a second deposition of Lopez, and responses to several of her interrogatories.  We consider each of these discovery requests in turn.

First, the district court did not abuse its discretion in determining that Rollins's requests for personnel files exceeded the proper scope of discovery. Rollins sought the personnel files of every warehouse worker Cone ever employed in the Tallahassee warehouse to determine whether Cone treated any male employee more favorably than Rollins.  Cone had already produced the personnel files of Rollins, Mitchell, and another employee whom Rollins specifically

9

identified as a male employee who might have received more favorable treatment, as well as many other documents in response to her discovery requests.  Absent any indication that any particular warehouse employee was a comparator who had been treated more favorably, we cannot say that the district court abused its discretion in denying the motion to compel.  *See Washington*, 959 F.2d at 1570 (stating in Title VII case that "information sought must be relevant and not overly burdensome to the responding party" and "tailored to the issues involved in the particular case.").

Rollins cites a bevy of cases in which other courts have granted Title VII plaintiffs access to personnel files, but an examination of each case reveals that the requests for discovery were more circumscribed and proportional than Rollins's blanket request here.  *See, e.g.*, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (11th Cir. 1991) (remanding for district court to consider whether to order production of personnel files of identifiable "employees who had arguably been guilty of a variety of infractions more serious than those committed by plaintiffs, but who nevertheless were not discharged by" the defendant); *Costa v. Remillard*, 160 F.R.D. 434 (D.R.I. 1995) (compelling production of personnel files of two named police officers accused by plaintiff of creating hostile work environment).

Second, it was not an abuse of discretion for the district court to conclude that a second deposition of Lopez would have been duplicative or cumulative of

10

other evidence in the record.  Pursuant to Federal Rule of Civil Procedure 36(b)(2),

Rollins deposed Cone's corporate representative, Lopez, for over five hours on a

wide variety of topics.  Both in her motion to compel and now on appeal, Rollins

argues that Lopez was unprepared to discuss the topics she identified in her Rule

36(b)(2) notice.  Yet the record reflects that Lopez gave responsive answers on all

of these topics.  For example, Rollins alleges that Lopez was unprepared to discuss

the reasons Cone terminated her employment.  But Lopez described Yero's

difficulty training Rollins, Null's investigation and determination that Rollins was

not a good fit for the company, and Null's decision to terminate Rollins on these

grounds.  Moreover, Rollins deposed Null, Boyer, Verhage, Yero, and at least

three other Cone employees.  She fails to explain what further evidence Lopez

could provide that would be helpful in resolving the issues in the case.  *See Iraola*,

325 F.3d at 1286 ("Where . . . it appears that further discovery would not be

helpful in resolving the issues, a request for further discovery is properly denied."

(internal quotation marks omitted))  We therefore affirm the district court's denial

of Rollins's motion to compel another deposition with Lopez.

Third, the district court did not abuse its discretion when it determined that

Rollins's interrogatories were duplicative.  Rollins identified three interrogatories

to which Cone failed to respond.  These interrogatories requested information

about the reasons for Rollins's termination, any documents related to those

11

reasons, and any policies or procedures Rollins could have utilized to address employment discrimination or harassment. Although these interrogatories sought relevant information, our review of the record persuades us that Rollins received this same information through her document requests and depositions. "The discovery sought" was therefore "unreasonably cumulative or duplicative" and Rollins "had ample opportunity to obtain the information" she sought. Fed. R. Civ. P. 26(b)(2)(C). The district court's denial of Rollins's motion to compel responses to the three interrogatories was a proper exercise of its discretion.

2.    Costs

Rollins argues that the district court erred in failing to award her reasonable expenses for preparing her partially-successful motions to compel. If a motion to compel is granted in part and denied in part, Rule 37 provides that the court may "apportion the reasonable expenses for the motion" between the movant and the opposing party. Fed. R. Civ. P. 37(a)(5)(C). The rule also provides that a district court may deny reasonable expenses to a successful movant when "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Resistance to a motion to compel is "substantially justified" if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (alterations and internal quotation marks omitted). Here, the district court concluded that many of Rollins's

12

discovery requests were disproportional to the needs of her case and duplicative, so Cone's resistance was substantially justified. This was not an abuse of discretion, so we affirm the district court's denial of reasonable expenses to Rollins.

## B.    Summary Judgment

### 1.    Sex Discrimination

Rollins argues that Cone discriminated against her by treating her differently and terminating her because she was a woman. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment" because of sex. 42 U.S.C. § 2000e-2(a)(1).[2] The plaintiff bears the burden of proving that the employer unlawfully discriminated against her. *Hinson v. Clinch Cty. Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). A plaintiff may establish a Title VII claim through the introduction of direct evidence of discrimination or through circumstantial evidence that creates an inference of discrimination. *Id.* Here, Rollins supports her discrimination claim with circumstantial evidence.

When evaluating a discrimination claim based on circumstantial evidence, this Court applies the three-step burden-shifting framework set out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *Alvarez*, 610 F.3d at 1264. Under

---

[2] The FCRA also makes it unlawful for employers to discriminate on the basis of sex. Fla. Stat. § 760.10(1)(a). Claims under the FCRA are analyzed under the same framework as claims brought under Title VII. *See Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007).

13

the *McDonnell Douglas* framework, if the plaintiff establishes a *prima facie* case of discrimination and the defendant articulates a legitimate, nondiscriminatory reason for its action, the plaintiff must then produce evidence that the employer's proffered reason is actually a pretext for discrimination. *Id.* The ultimate burden of proving that the employer discriminated against the plaintiff remains at all times with the plaintiff. *Id.* We assume without deciding that Rollins established a *prima facie* case of sex discrimination.

We nevertheless conclude that the district court properly granted summary judgment in Cone's favor because Rollins could not show that Cone's legitimate nondiscriminatory reasons for firing Rollins were pretextual. Cone provided three legitimate nondiscriminatory reasons for terminating Rollins, none of which Rollins effectively rebuts. First, Rollins had difficulty working with others. Rollins does not dispute that Yero complained to Null about Rollins's behavior.[3] Second, Rollins did not perform her duties as instructed. Rollins admits that, at least once, she incorrectly stacked kegs on a truck. Third, Rollins failed to follow instructions from her commercial driver's license instructor. Rollins disputes that she refused to follow instructions. But she acknowledges that she had trouble learning driving maneuvers from Yero. And she admits that the two had a disagreement.

---

[3] Rollins disputes that there was any cause for complaint, but she does not dispute that Yero complained to Null, who decided to terminate her.

14

Certainly, Cone's reasons for terminating Rollins were subjective.  But companies are entitled to make employment decisions based on subjective criteria. *See, e.g.*, *Chapman v. AI Transp.*, 229 F.3d 1012, 1033 (11th Cir. 2000) ("A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion.").  Cone's cited reasons might also seem inconsequential.  But "[t]he role of this Court is to prevent unlawful [employment] practices, not to act as a super personnel department that second-guesses employers' business judgments.  Our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004) (internal quotation marks omitted).  Rollins was a probationary employee who reportedly had trouble getting along with coworkers, performing her assigned tasks, and following instructions.  Each of these was a legitimate nondiscriminatory reason to terminate her employment.

Rollins contends that each of these reasons was pretextual, but she fails to make her case.  A plaintiff proves pretext by showing that the defendant's proffered reason is so weak, implausible, inconsistent, incoherent, or contradictory that a reasonable factfinder could find the reason unworthy of credence. *Alvarez*, 610 F.3d at 1265.  If the defendant's proffered reason is one that would motivate a

15

reasonable employer to take the adverse action, the plaintiff "must meet that reason head on and rebut it," and cannot prove pretext by merely recasting the defendant's reason or by arguing her own business judgment over that of the defendant's. *Id.* at 1265–66 (internal quotation marks omitted). Here, Rollins makes two arguments for pretext.

Rollins's first pretext argument is that Cone employees gave inconsistent reasons for her termination. She cites *Bechtel Construction Co. v. Secretary of Labor*, 50 F.3d 926 (11th Cir. 1995), for the proposition that shifting explanations for terminating an employee may demonstrate that an employer's proffered reasons are pretextual. *Id.* at 935. Specifically, Rollins points out that although Null stated that he based his decision to terminate her in part on complaints from employees that she was difficult to work with, none of the deposed employees testified that they complained to Null about Rollins. Yet it is undisputed that Yero, at least, did complain about Rollins's behavior, as he testified in his deposition. Indeed, Rollins includes Yero's complaint to Null in her statement of facts on appeal.

Rollins also notes that although Cone claimed that Rollins did not perform her duties as instructed, Lopez testified that performance was not the issue that led to her firing. But this seems to have been a matter of semantics. Lopez cited Rollins's failure to load kegs into the truck as an example of her failure to perform

16

her duties as instructed.  Lopez did not classify this failure as a performance issue but rather an inability to follow directions.

Finally, Rollins indicates that despite her alleged inability to follow Yero's instructions, Yero himself testified that she never refused to follow his instructions. But despite Yero's testimony that Rollins never stated she would not follow his instructions, Yero testified that Rollins was argumentative, claimed she saw things differently than Yero, and repeatedly failed to follow his instructions about what direction to turn the truck.  The undisputed evidence therefore demonstrates that Cone employees were substantially consistent in their complaints about Rollins.

Rollins's second argument supporting pretext is that Cone applied its disciplinary policies inconsistently between her and similarly situated male employees.  Specifically, she contends that although Cone provided written reprimands to some male employees who violated company rules instead of terminating them, she was terminated without warning.  Similarly, she insists that some male employees had as much or more trouble as she did learning to drive trucks but were given a longer period of time to practice.  But these arguments misconceive Cone's stated reasons for firing Rollins.  Cone has never claimed that Rollins was disciplined for violating a particular rule or that she was terminated because she was taking too long to learn how to operate a truck.  Instead, the company consistently has maintained that it terminated her for not getting along

17

with others, failing to perform her duties as instructed, and not following Yero's instructions. So the examples she identifies of male employees who struggled to learn how to drive or who made mistakes in the workplace without being fired do not demonstrate pretext.

Rollins did not demonstrate that Cone's legitimate nondiscriminatory reasons for terminating her employment were pretextual, so we affirm the district court's grant of summary judgment on her sex discrimination claim.

2.      Retaliation

Rollins also argues that she was terminated in retaliation for reporting her mistreatment by Mitchell. Title VII prohibits an employer from retaliating against an employee because the employee "opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e–3(a). Absent direct evidence of retaliation, which Rollins does not claim to have, we employ the same *McDonnell Douglas* burden shifting framework for retaliation claims that we do for discrimination claims. *See Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009). Thus, even assuming Rollins stated a *prima facie* case of retaliation, the same legitimate nondiscriminatory reasons for Rollins's termination that defeated her discrimination claim also defeat her retaliation claim. We therefore affirm the district court's grant of summary judgment to Cone on this claim.

18

## IV.    CONCLUSION

For these reasons, the judgment of the district court is **AFFIRMED**.