[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13141

Non-Argument Calendar

_____

GREAT LAKES INSURANCE SE,

Plaintiff-Counter Defendant
Appellee,

*versus*

CONCOURSE PLAZA A CONDOMINIUM
ASSOCIATION, INC.,

Defendant-Counter Claimant
Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21873-BB

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

This insurance coverage dispute asks whether Fla. Stat. § 627.70132 required that Concourse Plaza's notice of a supplemental claim to its insurer, Great Lakes Insurance SE, include an estimate of damages.  Consistent with *Patios West One Condominium Association, Inc. v. American Coastal Insurance Co.*, No. 3D22-1895, 2024 WL 24782 (Fla. Dist. Ct. App. Jan. 3, 2024), we conclude that it did not.  Accordingly, we reverse the district court's grant of summary judgment for Great Lakes and remand for further proceedings.

**I.**

Concourse Plaza, a condominium association, purchased a commercial property insurance policy from Great Lakes with a deductible of $195,210 for the policy year May 17, 2017 through May 17, 2018.  On September 10, 2017, Hurricane Irma made landfall in Florida and struck Concourse Plaza's building, causing wind and water damage.  After being notified by Concourse Plaza of the damage, Great Lakes sent an insurance adjuster to inspect the property.  This adjuster found that the damages to Concourse Plaza's building were $31,035.21, well below the policy's

deductible.    Accordingly, in March 2018, Great Lakes sent Concourse Plaza a letter advising that the net amount of the claim was zero.

Concourse Plaza responded on September 4, 2020—just shy of three years after the date its claim accrued.  In its letter, Concourse Plaza disputed Great Lakes's damages estimate but did not include a competing estimate, instead stating that Concourse Plaza was "currently in the process of effecting its own damage assessment."  The letter also advised that Great Lakes should "consider this correspondence as the Insured's notice of its intent to pursue additional insurance benefits under the Policy for the Loss" in accordance with both the policy's notice provisions and Fla. Stat. § 627.70132.

On April 8, 2021, Concourse Plaza formally submitted a proof of loss statement, providing a damages estimate of $6,403,728.62.  Because Concourse Plaza and Great Lakes disputed the amount of damages, Concourse Plaza also invoked its contractual appraisal remedy.  Concourse Plaza later lowered its estimate to $3,276,080.50 while maintaining its appraisal demand.

After receiving Concourse Plaza's appraisal demand, Great Lakes filed suit.  It sought a declaratory judgment ruling that Concourse Plaza's September 2020 letter did not constitute a valid notice of a supplemental insurance claim under Fla. Stat. § 627.70132 and that Concourse Plaza had therefore failed to provide qualifying notice within the statutory three-year period following landfall of the hurricane.    Concourse Plaza

counterclaimed, seeking to compel its contractual appraisal remedy and damages for breach of contract.

Both parties moved for summary judgment. Relying on *Goldberg v. Universal Property & Casualty Insurance Co.*, 302 So. 3d 919 (Fla. Dist. Ct. App. 2020), the district court held that Fla. Stat. § 627.70132 requires an insured party's notice of a supplemental claim to include an estimate of claimed damages. Because Concourse Plaza's September 2020 letter did not do so, the court ruled Concourse Plaza had failed to provide qualifying notice within three years as required by the statute. Accordingly, the court granted summary judgment to Great Lakes. Concourse Plaza appeals.

## II.

We review a district court's interpretation of state law de novo. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

## III.

We begin with the proper interpretation of Fla. Stat. § 627.70132. At the time of the dispute, the relevant portion of that statute read:

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in

accordance with the terms of the policy within 3 years after the hurricane first made landfall or the windstorm caused the covered damage. For purposes of this section, the term "supplemental claim" or "reopened claim" means any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim.

Fla. Stat. § 627.70132 (2011).[1]

Concourse Plaza argues that the plain text of the statute requires only that an insured's notice of a supplemental claim comply "with the terms of the policy," meaning that the notice need not include an estimate of damages if none is required by the insurance contract. Great Lakes, on the other hand, argues that any notice of a supplemental claim under the statute must include an estimate of damages by the insured.

When interpreting state law, a federal court "is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983). "A federal court is bound by this rule whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Id.* If the state's appellate

---

[1] Fla. Stat. § 627.70132 has since been amended. Both parties agree that the pre-amendment version of the statute, in effect from June 1, 2011 to June 30, 2021, applies to this dispute.

courts disagree on a principle of state law, "we look to the decisions of the [state] appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court." *Bravo v. United States*, 532 F.3d 1154, 1164 (11th Cir. 2008).

In this case, there are no relevant decisions from the Florida Supreme Court interpreting § 627.70132. Two Florida appellate courts, however, have weighed in. The first is *Goldberg v. Universal Property & Casualty Insurance Co.*, from Florida's Fourth District Court of Appeal. In *Goldberg*, the court examined whether an insured party "was required to submit a supplemental claim before filing suit for additional payment for" its loss. 302 So. 3d at 923. Finding that the insured's attempt to claim additional payment for an already adjusted loss qualified as a supplemental claim under § 627.70132, the court concluded that the insured "was required to file a supplemental claim setting forth those damages he sought in excess of what the insurance company had already paid." *Id.* The court stated that a "competing estimate by an insured's independent adjuster, or by a prospective contractor" would suffice. *Id.* at 924.

The second state appellate court decision on point was issued after the district court granted summary judgment to Great Lakes below. In *Patios West One Condominium Association, Inc. v. American Coastal Insurance Co.*, Florida's Third District Court of Appeal held that § 627.70132 does not require a notice of a supplemental claim to contain an estimate of additional damages. 2024 WL 24782, at *5. Instead, the statute requires only that "the

notice of a supplemental or reopened claim (1) be 'given to the insurer in accordance with the terms of the policy' and (2) constitute an 'additional claim for recovery' for losses from 'the same hurricane.'" *Id.* (quoting Fla. Stat. § 627.70132).

The *Patios* court explicitly rejected *Goldberg*'s statement that § 627.70132 required a damages estimate, reasoning that the statute's plain text did not contain any such requirement and that the statute was not a "supplemental claim statute" but a "notice of supplemental claim statute," delineating only the time period in which an insured must give notice to its insurer of the existence (but not the precise amount) of a supplemental claim. *Id.* It also dismissed this portion of *Goldberg* as nonbinding dicta. *Id.* at *4–5, *5 n.6.

Concourse Plaza urges this Court to follow *Patios*, arguing that *Goldberg* is both factually distinguishable and wrongly decided. We need not determine whether *Goldberg* would apply to this case, however, because as a federal court applying state law, we are bound to apply *Patios* in any event. This lawsuit originated in the Miami Division of the United States District Court for the Southern District of Florida. "State courts located there are within the territory of, and are bound to follow decisions issued by, the Third District Court of Appeal." *Bravo*, 532 F.3d at 1164. Therefore, because this is an appeal of a case arising out of the Miami Division, we apply the Third District Court of Appeal's *Patios* decision.[2] To

---

[2] Although *Patios* was issued after the district court's summary judgment order in this case, we still must apply it on appeal. *Erie* requires this Court to give

the extent *Patios* conflicts with *Goldberg*, we follow *Patios*, as *Goldberg* was decided by the Fourth District Court of Appeal. Accordingly, in order for Concourse Plaza's September 2020 letter to qualify as a valid notice of a supplemental claim under § 627.70132, it must have been "given to the insurer in accordance with the terms of the policy" and "constitute an additional claim for recovery for losses from the same hurricane." *Patios*, 2024 WL 24782, at *5 (quotation omitted).

No one disputes that Concourse Plaza's September 2020 letter sought additional recovery for losses from the same hurricane—Hurricane Irma—as the original claim. And Great Lakes concedes that the insurance policy by itself "does not impose a requirement to provide an estimate of damages." Concourse Plaza's September 2020 letter therefore qualifies as a notice of a supplemental claim under Fla. Stat. § 627.70132. Because it was sent within three years of the date Hurricane Irma made landfall, the provisions of Fla. Stat. § 627.70132 were satisfied.

---

the same effect to an intervening appellate decision that Florida's state appellate courts would. *Cf. Samuels v. Doctors Hosp., Inc.*, 588 F.2d 485, 488–89 (5th Cir. 1979). In Florida, the rule is clear: a subsequent panel of a district court of appeal must follow a precedent set by a prior panel unless that precedent is overturned by the Florida Supreme Court or the district court of appeal sitting en banc. *Nat'l Med. Imaging, L.L.C. v. Lyon Fin. Servs., Inc.*, 347 So. 3d 63, 64 n.2 (Fla. Dist. Ct. App. 2020). Therefore, because the Third District Court of Appeal would apply *Patios* here, so must we.

⋆    ⋆    ⋆

We **REVERSE** the district court's grant of summary judgment to Great Lakes and **REMAND** for further proceedings.